# EXHIBIT F

# Washtenaw County Sheriff's Office

## Memorandum

## 8cantwait Subject Control Thresholds

SHERIFF
ALYSHIA M. DYER

In June 2020, in response to the murder of George Floyd, Campaign Zero launched 8 Can't Wait. This initiative created a database to track how eight specific policies aimed at reducing police violence are implemented in major cities. This memorandum will detail how the Sheriff's Office's existing Use of Force / Subject Control policy aligns with these eight critical policies outlined by Campaign Zero.

The eight policies are:

1. Ban chokeholds and strangleholds.
2. Require de-escalation.
3. Require a warning before shooting.
4. Require that all alternatives be exhausted before shooting.
5. Require officers to intervene when excessive force is being used.
6. Ban shooting at moving vehicles.
7. Establish a Force Continuum.
8. Require comprehensive reporting.

**1. Threshold One – Ban strangleholds and chokeholds**

**Allowing officers to choke or strangle civilians, in many cases where less lethal force could be used instead, results in the unnecessary death or serious injury of civilians.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*Deadly Force*

*Any use of force likely to cause death or serious physical injury, including the use of a firearm, neck hold, or strike to the head, neck, clavicle, or throat with a hard object.*

Special Note:

*A neck hold, including carotid restraints and lateral vascular neck constraints, or any pressure applied to the neck to restrict blood or oxygen flow to the brain, is classified as lethal force (excluding incidental contact). Its use is strictly prohibited unless deadly force is necessary to achieve a lawful and legitimate objective.*

Commentary:

The Washtenaw County Sheriff's Office acknowledges the serious implications of neck restraints. Therefore, using such a tactic to restrict blood or oxygen flow to the brain is classified as lethal force, permissible only in the direst circumstances. It is not considered a typical compliance technique. Sheriff's Office employees are authorized to use deadly force, including neck restraints, only as a last resort when reasonable alternatives have been exhausted or are impossible, and only to protect the safety of employees or the public.

**2. Threshold Two – Require De-escalation**

**Require officers to de-escalate situations, where possible, by communicating with subjects, maintaining distance, and otherwise eliminating the need to use force.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*DE-ESCALATION*

*Sheriff's Office employees must continuously employ de-escalation techniques and provide repeated verbal warnings to minimize the need for force and encourage voluntary compliance, provided it can be done safely without increasing risk. Additionally, they are expected to understand and consider the potential reasons behind a subject's noncompliance.*

*A subject may not be capable of understanding the situation because of:*

1. *Environmental factors*
2. *Medical condition(s) i.e., mental, physical, or hearing impairment*
3. *Language barrier*
4. *Drug interaction*
5. *Emotional crisis*
6. *Those who have no criminal intent*

*Understanding a subject's condition, even if it doesn't diminish their dangerousness, can enable employees to use de-escalation techniques to calm them while maintaining safety; such delays in taking a subject into custody, when public and employee safety are maintained, are considered a fulfillment of agency service priorities rather than neglect of duty.*

*Employees shall strive to gain voluntary compliance and use the minimum amount of force necessary to accomplish their lawful purpose.*

*Special Note:*

*Employees must continue de-escalation throughout a use-of-force incident, immediately reducing force as resistance decreases, provided safety and control are maintained.*

*Special Note:*

*Employees shall continue to use de-escalation techniques after initiating, or being witness to, a use of force incident. The level of force shall be de-escalated immediately as the level of resistance encountered decreases, provided that the employee remains in control and as safety permits.*

*When encountering a non-compliant or non-firearm-armed subject, employees must use de-escalation tactics to minimize the need for, or degree of, force.*

*Accordingly:*

1. *Gather as much information possible about the incident.*
2. *Attempt to isolate and contain the subject.*
3. *Create time and distance from the subject by establishing a buffer zone (reactionary gap) and utilize cover to avoid creating an immediate threat that may require the use of force.*
4. *Request additional resources, such as Crisis Intervention Team (CIT) trained employees, or Crisis/Hostage Negotiation Team members, and identifying employees who may have a rapport with the subject.*
5. *Designate an officer to establish rapport and engage in communication with the subject.*
6. *Tactically re-position as often as necessary to maintain the reactionary gap, protect the public, and preserve officer safety.*
7. *Continue de-escalation techniques, such as advisements, warnings, verbal persuasion, other alternatives, and take as much time as reasonably necessary to resolve the incident, without having to use force if possible.*
8. *Employees will assess each incident to determine, based on policy, training, and experience, which option is best to achieve a legal outcome and bring the situation under control in a safe and prudent manner.*

*9. In general, once control of a combative subject is gained and there is no longer an objectively reasonable threat, further use of force is prohibited. A degree of force which may have been justified earlier in an encounter does not remain justified indefinitely. Force shall be de-escalated proportionately and immediately as resistance decreases.*

*10. Other options, not listed above, may be available to assist in de-escalating the situation.*

*Special Note:*

*Supervisors must monitor radio communications and assess the need to respond when aware of employees using de-escalation techniques. All attempted de-escalation efforts, along with their success or failure, should be documented in the employee's report. De-escalation techniques may not be feasible in situations where their use would elevate the risk to the employee or the public.*

*ESTABLISH COMMUNICATION*

*To effectively manage non-compliant subjects, Sheriff's Office employees should prioritize rapport-building communication, proper voice intonation, questioning, and advice to de-escalate conflict and gain voluntary compliance before using force.*

**3. Threshold three – Require Warning Before Shooting**

**Require officers to give a verbal warning, when possible, before shooting at a civilian.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*Sheriff's Office employees are authorized to use deadly force only as a last resort to protect themselves or the public, and only after exhausting all reasonable alternatives or when such alternatives are not feasible. Before discharging a firearm or employing other deadly force options, employees must consider other objectively reasonable force options, provided it doesn't elevate risk to anyone.*

*Discharge of a firearm and other uses of deadly force:*

*An employee may discharge a firearm or use other deadly force techniques in any of the following circumstances:*

1. *In self-defense when the employee has reasonable cause to believe that they are in immediate danger of death or serious bodily injury.*
2. *An employee may use deadly force to defend another person only when there's reasonable cause to believe that person faces immediate danger of death or serious bodily injury. However, deadly force cannot be used against an individual who only poses a danger to themselves, without also presenting an immediate threat to the officer or others.*
3. *To kill an animal posing an immediate threat.*
4. *To apprehend a person when both of the following circumstances exist:*
    a. *The employee has probable cause to believe that the person has committed or has attempted to commit a violent felony involving the use or threatened use of deadly force,*

       *AND*

    b. *The employee has probable cause to believe that a substantial risk exists that the person will cause death or serious bodily injury to the employee or others if the person's apprehension is delayed.*

*Special Note:*

*The circumstances for deadly force or firearm discharge apply to each instance. Employees must reassess the situation when safe to determine if an active threat persists.*

*Before using deadly force or discharging a firearm, employees must issue a verbal warning to submit to Sheriff's Office authority, provided it doesn't increase danger to themselves or others.*

**4. Threshold 4 – Exhaust All Other Means Before Shooting**

**Require officers to exhaust all other reasonable means before resorting to deadly force.**

From the Washtenaw County Sheriff's Office Subject Control Policy*:*

*Sheriff's Office employees shall only use deadly force only as a last resort when reasonable alternatives have been exhausted or are not possible to protect the safety of the employee(s) or the public.*

*Sheriff's Office employees are authorized to use deadly force only as a last resort to protect themselves or the public, and only after exhausting all reasonable alternatives or when such alternatives are not feasible. Before discharging a firearm or employing other deadly force options, employees must consider other objectively reasonable force options, provided it doesn't elevate risk to anyone.*

**5. Threshold 5 – Duty To Intervene**

**Require officers to intervene and stop excessive force used by other officers and report these incidents immediately to a supervisor.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*Duty to intervene and provide aid:*

*Sheriff's Office employees are obligated to intervene if they know or have reason to believe another law enforcement officer is about to use, or is using, excessive or unauthorized force. This duty applies regardless of rank or agency affiliation.*

*Employees must report any unnecessary force and their intervention efforts to a supervisor as soon as practical. If the witnessing employee is a supervisor, they must issue a direct order to stop the violation. Additionally, employees have a duty to provide aid to the victim of such force.*

**6. Threshold 6 – Ban shooting at moving vehicles**

**Restrict officers from shooting at moving vehicles, which is regarded as a particularly dangerous and ineffective tactic.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*Employees are prohibited from firing at a moving vehicle's or similar conveyance's operator or occupant unless that individual poses an immediate threat of death or serious bodily injury to the employee or another person.*

*Employees are prohibited from firing a weapon from a moving vehicle or similar conveyance unless the operator reasonably believes, based on the totality of*

*circumstances, that the subject poses an immediate threat to the employee or another person.*

**7. Threshold 7 – Require Use of Force Continuum**

**Develop a Force Continuum that limits the types of force and/or weapons that can be used to respond to specific types of resistance.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*Deployment tactics employing a range of force measures, from officer presence to lethal force. This team-oriented approach allows employees to work together, fluidly escalating or de-escalating the force response as needed.*

*The lowest objectively reasonable force is that necessary to achieve a lawful objective or make an arrest without increasing risk to others.*

*Employees must balance the severity of the offense with the resistance encountered to determine the appropriate level of force, especially when facing subjects armed with non-firearm weapons, applying proportionality and critical decision-making based on the totality of the circumstances.*

*When force is necessary and objectively reasonable, employees must strive to use the minimum amount of force necessary in the available range of objectively reasonable options.*

*Employees must prioritize voluntary compliance and use the minimum force necessary to achieve their lawful objectives. They must continually evaluate whether the force can be discontinued while still meeting those objectives.*

**8. Threshold 8 – Require Comprehensive Reporting**

**Require officers to report each time they use force or threaten to use force against civilians.**

From the Washtenaw County Sheriff's Office Subject Control Policy:

*Reportable use of force:*

# Washtenaw County Sheriff's Office

## Memorandum

## 8cantwait Subject Control Thresholds

SHERIFF
ALYSHIA M. DYER

*Force is objectively assessed from the perspective of a reasonable officer at the time of the incident, considering the totality of the circumstances and without the benefit of hindsight.*

*Notification of use of force:*

*An employee shall notify his/her supervisor immediately or as soon as practical of any reportable use of force.*

*Use of force evaluation:*

*A supervisor shall conduct a use of force evaluation in all cases involving a reportable use of force.*

*Claims of excessive force:*

*Every allegation of excessive force shall be subject to the reporting and investigative requirements of this policy and applicable policies.*

*Special Note:*

*De-escalation attempts must be reported, noting the techniques used and their success in resolving the incident.*

Commentary:

The Sheriff's Office voluntarily submits data on use of force incidents involving the use of firearms, use of force incidents resulting in great bodily injury, or use of force incidents leading to death to the FBI's National Use of Force Database.